# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NO. |
| | : | |
| v. | : | |
| | : | **VIOLATIONS:** |
| **CHRISTOPHER BELLIVEAU** | : | 18 U.S.C. § 1752(a)(1) and (b)(1)(A) |
| | : | (Knowingly Entering or Remaining in any |
| Defendant. | : | Restricted Building or |
| | : | Grounds Without Lawful Authority with a |
| | : | Deadly or Dangerous Weapon), |
| | : | 18 U.S.C. § 1752(a)(2) and (b)(1)(A) |
| | : | (Disorderly and Disruptive Conduct in a |
| | : | Restricted Building or |
| | : | Grounds with a Deadly or Dangerous |
| | : | Weapon), |
| | : | 18 U.S.C. § 1752(a)(4) and (b)(1)(A) |
| | : | (Engaging in physical violence in restricted |
| | : | building or on |
| | : | restricted grounds with a Deadly or |
| | : | Dangerous Weapon), |
| | : | 40 U.S.C. § 5104(e)(2)(D) |
| | : | (Disorderly Conduct in a Capitol |
| | : | Building), |
| | : | 40 U.S.C. § 5104(e)(2)(F) |
| | : | (Act of Physical Violence in the Capitol |
| | : | Grounds or Buildings), |
| | : | 40 U.S.C. § 5104(e)(2)(G) |
| | : | (Parading, Demonstrating or Picketing in |
| | : | the Capitol Buildings), |
| | : | 18 U.S.C. § 231(a)(3) |
| | : | (Civil Disorder), |
| | : | 18 U.S.C. §§ 111(a)(1), (b) and (2) |
| | : | (Assaulting, Resisting, or Impeding |
| | : | Certain Officers Using a Dangerous |
| | : | Weapon and Aiding and Abetting). |

**MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

1

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrant in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.  In support thereof, the government states as follows:

1.\tThe United States is investigating allegations that Christopher Belliveau willfully and knowingly entered the United States Capitol on January 6, 2021 without legal authority, and participated in violent and disorderly conduct in violation of 18 U.S.C. §§ 111(a) and 2, 18 U.S.C. §§ 231(a)(3) and 2, 18 U.S.C. §§ 1752(a)(1), (2), and (4) and (b)(1)(a) 40 U.S.C. § 5104(e)(2)(D), 40 U.S.C. § 5104(e)(2)(F) and (G).

2.\tThe Affidavit in Support of Criminal Complaint references evidence gathered in the course of the investigation.  The evidence includes statements identifying the defendant by a witness.  The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant, and could needlessly expose the statements of the identifying officer before the defendant has been apprehended.  The Government also anticipates imminently obtaining one or more search warrants for items believed to be in the defendant's possession.  Premature disclosure of the charging documents may risk hampering those efforts or lead to the destruction of evidence.  Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

2.	As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3.	In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4.	Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

                                                  Respectfully submitted,

                                                  MATTHEW GRAVES
                                                  UNITED STATES ATTORNEY
                                                  D.C. Bar No. 481052

By:  */s/Jason M. Manning*
        JASON M. MANNING
        NY Bar No. 4578068
        Trial Attorney, Detailee
        1400 New York Ave NW, 11th Floor
        Washington, D.C. 20005
        (202) 514-6256
        jason.manning@usdoj.gov