AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>Christopher Belliveau | )<br>)<br>)<br>)<br>)<br>) |

Case: 1:24-mj-00197
Assigned To : Judge Zia M. Faruqui
Assign. Date : 6/6/2024
Description: COMPLAINT W/ARREST WARRANT

*Defendant*

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*                    Christopher Belliveau                                        ,
who is accused of an offense or violation based on the following document filed with the court:

❐ Indictment          ❐ Superseding Indictment          ❐ Information          ❐ Superseding Information          ☒ Complaint
❐ Probation Violation Petition          ❐ Supervised Release Violation Petition          ❐ Violation Notice          ❐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority with a Deadly
or Dangerous Weapon),
18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon),
18 U.S.C. § 1752(a)(4) and (b)(1)(A) (Engaging in physical violence in restricted building or on restricted grounds with a Deadly or Dangerous Weapon),
40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building),
40 U.S.C. § 5104(e)(2)(F) (Act of Physical Violence in the Capitol Grounds or Buildings),
40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating or Picketing in the Capitol Buildings),
18 U.S.C. § 231(a)(3) (Civil Disorder),
18 U.S.C. §§ 111(a)(1), (b) and (2) (Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon and Aiding and Abetting).

Date:      06/06/2024

*Issuing officer's signature*

Zia M. Faruqui

City and state:          Washington, D.C.

Zia M. Faruqui, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|

This warrant was received on *(date)*  6-11-2024  , and the person was arrested on *(date)*  6-11-2024
at *(city and state)*  North Berwick, ME .

Date:  6-11-2024

*Arresting officer's signature*

LT Daniel Pelkey
*Printed name and title*

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

|  |  |
|---|---|
| United States of America<br>v.<br><br>Christopher Belliveau<br><br>████████████████<br><br>_Defendant(s)_ | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:24-mj-00197
Assigned To : Judge Zia M. Faruqui
Assign. Date : 6/6/2024
Description: COMPLAINT W/ARREST WARRANT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the _____ in the District of ____Columbia____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority with a Deadly or Dangerous Weapon), | |
| 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon), | |
| 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (Engaging in physical violence in restricted building or on restricted grounds with a Deadly or Dangerous Weapon), | |
| 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building), | |
| 40 U.S.C. § 5104(e)(2)(F) (Act of Physical Violence in the Capitol Grounds or Buildings), | |
| 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating or Picketing in the Capitol Buildings), | |
| 18 U.S.C. § 231(a)(3) (Civil Disorder), | |
| 18 U.S.C. §§ 111(a)(1), (b) and (2) (Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon and Aiding and Abetting). | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
_Complainant's signature_

_____
_Printed name and title_

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: ____06/06/2024____

_____
_Judge's signature_

City and state: ____Washington, D.C.____     Zia M. Faruqui, U.S. Magistrate Judge
_____
_Printed name and title_

## STATEMENT OF FACTS

Your affiant, ██████████, is a Special Agent assigned to the ██████████ ("FBI"). As part of my duties as an FBI Special Agent, I investigate criminal violations relating to international and domestic terrorism and other threats to national security and public safety. Prior to joining the FBI, I was a Special Agent with the United States Secret Service from 2015 to 2020. Among other assignments, I was detailed to the FBI Joint Terrorism Task Force as an investigator in the FBI ██████████. Currently, I am tasked with investigating, among other things, criminal activity in and around the Capitol grounds on January 6, 2021. As a FBI Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of a violation of Federal criminal laws.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification are allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in the Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol Building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the Capitol Building were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice

President Pence remained in the Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the Capitol Building without authority to be there.

### *Facts Specific to this Case*

An individual subsequently identified as Christopher Belliveau ("BELLIVEAU") joined a group of rioters on the Northwest Lawn of the Capitol grounds. At the time, rioters in that area, including BELLIVEAU, were congregated behind temporary fencing comprised of interlocking bicycle racks, as shown in Image 1, below.



*Image 1 (BELLIVEAU, wearing a helmet, indicated by red arrow)*

A group of Capitol Police Officers formed a makeshift line behind the fencing, but other rioters encircled the police from above, as shown in Image 2, below.



*Image 2 (BELLIVEAU indicated by yellow square)*

BELLIVEAU wore, among other things, a brown hooded jacket, khaki cargo-style pants with pockets, a black helmet, and a red scarf or bandana visible under his helmet. A video found on a phone that was seized by law enforcement from another participant in the attack on the Capitol ("Rioter Video 1") shows that at approximately 2:10 p.m., the rioters crossed the bicycle rack fencing and advanced on the police. BELLIVEAU was at the front of the rioters who did so. BELLIVEAU carried a bullhorn in this left hand and gestured at the police officers with his right hand as he approached them, as shown in Image 3, below.



*Image 3 (BELLIVEAU indicated by yellow square)*

BELIVEAU approached a U.S. Capitol Police Officer, Officer 1, and pointed directly at her.  Distinctive features of BELLIVEAU's attire include a red bandana around his neck, which was visible under his black helmet, and a colored mask over his mouth, as shown in Image 4.



*Image 4 (BELLIVEAU indicated by yellow square pointing at Officer 1)*

BELLIVEAU walked back in the direction from which he had came and then he approached the police officers again.  Video obtained by the FBI shows that BELLIVEAU held a green cannister in his right hand as he approached a group of police officers, some of whom were on the ground attempting to restrain a rioter, as shown in Images 5 and 6, below.



*Image 5 (BELLIVEAU indicated by yellow square)*



*Image 6 (green cannister and bullhorn carried by BELLIVEAU indicated by red square)*

As shown in Image 6, above, when BELLIVEAU held out the green cannister, an orange object was visible at his feet.  I know from my training and experience that a commercially available form of bear pepper mace comes in a green cannister with an orange safety cap, which must be removed before the mace is discharged, as shown in Image 7 below.



*Image 7 (as shown at Walmart.com)*

BELLIVEAU discharged an orange spray from the green cannister at Officer 1. From my training and experience, I believe that the spray used by BELLIVEAU was a form of bear spray.

Officer 1 pursued BELLIVEAU. As BELLIVEAU ran backwards toward the crowd and away from Officer 1, he continued to discharge orange spray at Officer 1. The orange spray hit and made physical contact with Officer 1, as shown in Images 8 and 9, below.



*Image 8 (BELLIVEAU discharging spray at Officer 1)*



*Image 9 (BELLIVEAU continuing to discharge spray at Officer 1; BELLIVEAU's black and white sneakers indicated in yellow square)*

Before Officer 1 could reach BELLIVEAU, another rioter knocked her to the ground, as shown in Images 10 and 11, below.



*Image 10 (BELLIVEAU indicated in yellow; Officer 1, indicated in blue, pursuing BELLIVEAU; rioter preparing to check Officer 1 indicated in red)*



*Image 11 (Officer 1 knocked to the ground, indicated in blue; rioter who checked Officer 1 indicated in red; BELLIVEAU indicated in yellow)*

During the scene on the Northwest Lawn where BELLIVEAU discharged spray at Officer 1, Rioter Video 1 and other video obtained by the FBI show the following seven identifiable features (among others) in BELLIVEAU's clothing and the items he carried:

- Beige cargo-style pants with pockets
- Brown hooded sweatshirt
- Dark helmet with a tinted visor or goggles
- Red-colored bandana visible around the chin and neck area, near the helmet chin strap
- Colored mask covering BELLIVEAU's mouth area
- Black Nike sneakers with white swoosh
- Bullhorn with distinctive blue and cream coloring

At approximately 2:09 p.m., a group of rioters overran a police line on a set of stairs at the Capitol known as the Northwest Stairs, which is in the vicinity of the Northwest Lawn. In the minutes that followed, hundreds of rioters subsequently advanced up the Northwest Stairs to an area of the Capitol known known as the Upper West Terrace. Video obtained by the FBI captures BELLIVEAU advancing up the Northwest Stairs, as shown in Image 12, below.



*Image 12 (BELLIVEAU advancing up the Northwest Stairs)*

At approximately 2:13 p.m., rioters broke the windows next to a door to the Capitol Building known as the Senate Wing Door and breached the Capitol Building. BELLIVEAU, as shown on surveillance video, entered the Capitol Building at approximately 2:17 p.m. As he entered, he wore his helmet with the tinted visor or goggles covering his face and carried the bullhorn and a hockey stick with a flag wrapped around it, as shown in Images 13 and 14, below.



*Image 13 (BELLIVEAU breaching the Capitol Building through the Senate Wing Door carrying bullhorn and stick with flag)*



*Image 14 (BELLIVEAU with hockey stick extended)*

BELLIVEAU travelled to an area of the Capitol known as the Crypt, where rioters confronted a police line. He stayed inside the Capitol for approximately 15 minutes before exiting through a window next to the Senate Wing Door, as shown in Images 15, 16, 17, and 18 below.



*Image 15 (BELLIVEAU in Crypt holding bullhorn; black and white sneakers visible)*



*Image 16 (BELLIVEAU in Crypt; colored mask, brown jacket, and helmet visible)*



*Image 17 (BELLIVEAU near Senate Wing Door; red bandana and mask visible)*



*Image 18 (BELLIVEAU near Senate Wing Door holding bullhorn)*

Based on my review of video obtained by the FBI and my investigation in this case, I have observed that the same seven distinctive features of BELLIVEAU's clothing and personal items that can be seen during BELLIVEAU's conduct on the Northwest Lawn can also be seen during BELLIVEAU's activity inside the Capitol Building, to wit:

- Beige cargo-style pants with pockets

12

- Brown hooded sweatshirt
- Dark helmet with a tinted visor or goggles
- Red-colored bandana visible around the chin and neck area, near the helmet chin strap
- Colored mask covering BELLIVEAU's mouth area
- Black Nike shoes with white swoosh
- Bullhorn with distinctive blue and cream coloring

A publicly-available video that I have reviewed shows BELLIVEAU speaking on Capitol Grounds during the riot, near a large flag that rioters had placed over the temporary scaffolding that was in place to support the Inaugural Stage.  BELLIVEAU can be seen in the video wearing his dark helmet and carrying the hockey stick with the flag wrapped around it, as shown in Image 19, below.



*Image 19 (BELLIVEAU speaking during publicly-available interview)*

In the video, BELLIVEAU stated, "I'm here to make sure the Chinese Communist Party does not take over this country through Joe Biden."

The FBI also obtained video recorded on the night of January 5, 2021, which shows, among other things, groups of persons near the area of Washington D.C. known as "Black Lives Matter" plaza chanting "F*ck Antifa" and confronting police officers that were trying to control the crowd. In this video footage, BELLIVEAU is shown wearing what appears to be the same black helmet and the same black and white Nike sneakers that he wore on January 6, and carrying what appears to be the same hockey stick with a flag wrapped around it and same bullhorn that he carried on January 6, as shown in Images 20, 21, and 22, below.



*Image 20 (BELLIVEAU on January 5)*



*Image 21 (BELLIVEAU on January 5; black and white Nike sneakers indicated in red)*



*Image 22 (BELLIVEAU on January 5 holding bullhorn and hockey stick with flag wrapped around it)*

The FBI has obtained phone records showing that a phone number ending in -8094 was registered to BELLIVEAU in approximately February 2020 and was active in and after January 2021. Other records obtained by the FBI show that this phone number was picked up by cell towers around the U.S. Capitol on January 6, 2021.

In addition, records obtained by the FBI show that BELLIVEAU identified an address in Walpole, Massachusetts in registering accounts with an online consumer goods company and an electronic communications provider in 2016 and 2015, respectively. Other records obtained by the FBI show that BELLIVEAU used an address in Norwood, Massachusetts in connection with an account with a telecommunications provider in 2020. Based on my knowledge of the area, and publicly available information, Norwood and Walpole are within approximately five miles of each other. On or about May 30, 2024, the FBI showed the image identified as Image 19 above to a police officer in Walpole, Massachusetts. The officer positively identified the individual as BELLIVEAU, whom he described as a personal acquaintance. The officer stated, in sum and substance, that he had known BELLIVEAU from the local area for many years.

Based on the foregoing, your affiant submits that there is probable cause to believe that CHRISTOPHER BELLIVEAU violated 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A) and 2, which makes it a crime to knowingly enter or remain in any restricted building or grounds without lawful authority to do so, and to use or carry a deadly or dangerous weapon or firearm in relation to that offense. I also submit that there is probable cause to believe that BELLIVEAU violated 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A), which makes it a crime to knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions, and to use or carry a deadly or dangerous weapon or firearm in relation to that

offense.  I also submit that there is probable cause to believe that BELLIVEAU violated 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A), which makes it a crime to knowingly engage in any act of physical violence against any person or property in any restricted building or grounds, and to use or carry a deadly or dangerous weapon or firearm in relation to that offense. For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that CHRISTOPHER BELLIVEAU violated 40 U.S.C. § 5104(e)(2)(D)(F) and (G), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; (F) engage in an act of physical violence in the Grounds or any of the Capitol Buildings; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

Your affiant submits there is probable cause to believe that CHRISTOPHER BELLIVEAU violated 18 U.S.C. 231(a)(3), which makes it unlawful to commit or attempt to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. For purposes of Section 231 of Title 18, a federally protected function means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof. This includes the Secret Service's protection of the Vice President and his family and the Capitol Police's protection of the U.S. Capitol.

Your affiant submits that there is probable cause to believe that CHRISTOPHER BELLIVEAU violated 18 U.S.C. § 111(a)(1), (b) and 2, which makes it a crime to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in section 1114 of Title 18 while engaged in or on account of the performance of official duties, while using a deadly or dangerous weapon or inflicting bodily injury. Persons designated within section 1114 of Title 18

include federal officers such as USCP officers, and include any person assisting an officer or employee of the United States in the performance of their official duties.


███████████████ ____

Special Agent ████████
Federal Bureau of Investigation

     Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 6th day of June 2024.


_____

HONORABLE ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE

**Complaint Synopsis**

| | |
|---|---|
| **Name:** | Christopher Belliveau |
| **Address:**<br>**(City & State Only)** | Sanford, Maine |
| **Year of Birth and Age:** | 1985, 38 years old |
| **Violations:** | **Count 1:** Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority with a Deadly or Dangerous Weapon. *See* 18 U.S.C. § 1752(a)(1) and (b)(1)(A). This is a Class C felony. *See* 18 U.S.C. § 3559(a)(3).<br><br>**Count 2:** Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon. *See* 18 U.S.C. § 1752(a)(2) and (b)(1)(A). This is a Class C felony. *See* 18 U.S.C. § 3559(a)(3).<br><br>**Count 3:** Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon. *See* 18 U.S.C. § 1752(a)(4) and (b)(1)(A). This is a Class C felony. *See* 18 U.S.C. § 3559(a)(3).<br><br>**Count 4:** Disorderly Conduct in a Capitol Building. *See* 40 U.S.C. § 5104(e)(2)(D). This is a Class B misdemeanor. *See* 18 U.S.C. § 3559(a)(7).<br><br>**Count 5:** Act of Physical Violence in a Capitol Building or Grounds. *See* 40 U.S.C. § 5104(e)(2)(F). This is a Class B misdemeanor. *See* 18 U.S.C. § 3559(a)(7).<br><br>**Count 6:** Parading, Picketing, and Demonstrating in a Capitol Building. *See* 40 U.S.C. § 5104(e)(2)(G). This is a Class B misdemeanor. *See* 18 U.S.C. § 3559(a)(7).<br><br>**Count 7:** Civil Disorder. *See* 18 U.S.C. § 231(a)(3). This is a Class D felony. *See* 18 U.S.C. § 3559(a)(4).<br><br>**Count 8:** Assaulting, Resisting or Impeding Certain Officers and Aiding and Abetting. *See* 18 |

|  | U.S.C. § 111(a)(1), (b) and 2. This is a Class C felony. *See* 18 U.S.C. § 3559(a)(3). |
|---|---|
| **Penalties:** | **Counts 1-3:** Not more than 10 years of imprisonment, a fine of $250,000, or both. *See* 18 U.S.C. §§ 1752(a), 1752(b)(2), and 3571(b)(3). <br><br> **Counts 4-6:** Not more than 6 months of imprisonment, a fine of $5,000, or both. *See* 40 U.S.C. § 5109(b) and 18 U.S.C. § 3571(b)(6). <br><br> **Count 7:** Not more than 5 years of imprisonment, a fine of $250,000, or both.  *See* 18 U.S.C. §§ 231(a), and 3571(b)(3). <br><br> **Count 8:** Not more than 20 years of imprisonment, a fine of $250,000, or both.  *See* 18 U.S.C. §§ 111(b), and 3571(b)(3). |
| **Supervised Release:** | **Counts 1-3:** Not more than 3 years. *See* 18 U.S.C. § 3583(b)(2). <br><br> **\*Counts 4-6:** Supervised Release not authorized for petty offense.  **Note:** May result in not more than 5 years of probation. *See* 18 U.S.C. § 3561(c)(2). <br><br> **Count 7:** Not more than 3 years.  *See* 18 U.S.C. § 3583(b)(2). <br><br> **Count 8:** Not more than 3 years.  *See* 18 U.S.C. § 3583(b)(2). |
| **Maximum Term of Imprisonment for Violation of Supervised Release:** | **Counts 1-3:** Not more than 3 years of imprisonment. *See* 18 U.S.C. § 3583(e). <br><br> **Counts 4-6:** N/A <br><br> **Count 7:** Not more than 3 years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). <br><br> **Count 8:** Not more than 3 years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). |

| | |
|---|---|
| **Maximum Add'l Term of Supervised Release for Violation of Supervised Release:** | **Counts 1-3:** Not more than 3 years of imprisonment. *See* 18 U.S.C. § 3583(e).<br><br>**Counts 4-6:** N/A<br><br>**Count 7:** Not more than 3 years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).<br><br>**Count 8:** Not more than 3 years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). |
| **Defendant's Attorney:** | N/A |
| **Primary Investigative Agency and Case Agent Name:** | FBI (Garrett Drew) |
| **Detention Status:** | Arrest Warrant issued. Defendant in federal custody pending initial appearance. |
| **Foreign National:** | No |
| **Foreign Consular Notification Provided:** | N/A |
| **County:** | Offense occurred in Washington, D.C. |
| **AUSA:** | Dan Perry (local AUSA covering initial appearance) |
| **Guidelines apply?   Y/N** | Yes |
| **Victim Case:** | Yes |
| **Corporate Victims Owed Restitution?** | No |
| **Assessments:** | **Counts 1-3:** $100 per count. *See* 18 U.S.C. § 3013(a)(2)(A).<br><br>**Counts 4-6:** $10 per count. *See* 18 U.S.C. § 3013(a)(1)(A)(ii).<br><br>**Count 7-8:** $100 per count. *See* 18 U.S.C. § 3013(a)(2)(A). |

AO 466A (Rev. 12/09)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
### District of Maine

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  2:24-mj-191-KFW |
| CHRISTOPHER BELLIVEAU | ) | Charging District's Case No.  1:24-mj-197-ZMF |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
## (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* _____District of Columbia_____ .

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)     a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒     an identity hearing and production of the warrant.

☐     a preliminary hearing.

☐     a detention hearing.

☐     an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district.  I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:     ___06/12/2024___

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____David J. Bobrow, Esq._____
*Printed name of defendant's attorney*

AO 466A (Rev. 12/09)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
### District of Maine

United States of America

v.

CHRISTOPHER BELLIVEAU

_____

*Defendant*

)
)
)
)
)
)

Case No.  2:24-mj-191-KFW

Charging District's Case No.  1:24-mj-197-ZMF

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*          District of Columbia          .

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise —
unless I am indicted — to determine whether there is probable cause to believe that an offense has
been committed;

(5)    a hearing on any motion by the government for detention;

(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐    an identity hearing and production of the warrant.

☒    a preliminary hearing.

☐    a detention hearing.

☐    an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may
be entitled in this district.  I request that those hearings be held in the prosecuting district, at a time set
by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are
pending against me.

Date:          06/17/2024          

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

David J. Bobrow, Esq.
*Printed name of defendant's attorney*

AO 199A (Rev. 12/11)  Order Setting Conditions of Release

U.S. DISTRICT COURT
DISTRICT OF MAINE

# UNITED STATES DISTRICT COURT
RECEIVED & FILED
for the
District of Maine
2024 JUN 17 A 11: 25

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) DEPUTY CLERK  Case No.    2:24-mj-191-KFW |
| Christopher Belliveau | ) |
| *Defendant* | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at:   As directed _____
                                                                                *Place*

on   _____
                                                         *Date and Time*

If blank, defendant will be notified of next appearance.

(5)   The defendant must sign an Appearance Bond, if ordered.

AO 199B (Rev. 12/20)  Additional Conditions of Release                                                    Page  2  of  4  Pages

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ )  (6)  The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and state _____  Tel. No. _____
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____     _____
                              Custodian                                      Date

( ☒ )  (7)  The defendant must:
( ☒ )  (a)  submit to supervision by and report for supervision to the   U.S. Probation and Pretrial Services Office     ,
telephone number     207-780-3358    , no later than   As directed                          .
( ☐ )  (b)  continue or actively seek employment.
( ☐ )  (c)  continue or start an education program.
( ☐ )  (d)  surrender any passport to:
( ☒ )  (e)  not obtain a passport or other international travel document.
( ☒ )  (f)  abide by the following restrictions on personal association, residence, or travel:   No travel outside the District of Maine without prior approval from Pretrial Services Officer; travel to Washington D.C. prohibited unless for Court purposes.
( ☐ )  (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____
( ☒ )  (h)  get medical or psychiatric treatment:     As directed
( ☐ )  (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____
( ☐ )  (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
( ☒ )  (k)  not possess a firearm, destructive device, or other weapon.
( ☐ )  (l)  not use alcohol ( ☐ ) at all ( ☐ ) excessively.
( ☒ )  (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. This provision does not permit the use of marijuana even with a prescription, without further permission of the Court or probation officer.
( ☒ )  (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.  Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
( ☐ )  (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
( ☐ )  (p)  participate in one of the following location restriction programs and comply with its requirements as directed.
( ☐ )  (i)  **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____ , or ( ☐ ) as directed by the pretrial services office or supervising officer; or
( ☐ )  (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
( ☐ )  (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or
( ☐ )  (iv)  **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions.  However, you must comply with the location or travel restrictions as imposed by the court.
**Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

AO 199B (Rev. 12/20)  Additional Conditions of Release                                    Page  3  of  4  Pages

## ADDITIONAL CONDITIONS OF RELEASE

( ☐ )  (q)  submit to the following location monitoring technology and comply with its requirements as directed:
  ( ☐ ) (i)     Location monitoring technology as directed by the pretrial services or supervising officer; or
  ( ☐ ) (ii)    Voice Recognition; or
  ( ☐ ) (iii)   Radio Frequency; or
  ( ☐ ) (iv)   GPS.

( ☐ )  (r)  pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( ☐ )  (s)  report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☐ )  (t)  _____

AO 199C  (Rev. 03/09)  Advice of Penalties                                                                Page  4  of  4  Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year.  This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed.  I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Portland, Maine
*City and State*

## Directions to the United States Marshal

( ☒ ) The defendant is ORDERED released after processing.

( ☐ ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release.  If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date:  6/17/2024                           _____
                                           *Judicial Officer's Signature*

                                           Karen Frink Wolf, U.S. Magistrate Judge
                                           _____
                                           *Printed name and title*

AO 98 (Rev. 12/11) Appearance Bond

U.S. DISTRICT COURT
DISTRICT OF MAINE
RECEIVED & FILED

# UNITED STATES DISTRICT COURT

for the

2024 JUN 17 A 11: 25

District of Maine

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | DEPUTY CLERK ) |
| | ) Case No.   2:24-mj-191-KFW |
| Christopher Belliveau | ) |
| *Defendant* | ) |

## APPEARANCE BOND

### Defendant's Agreement

I, _____ Christopher Belliveau _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

    ( ☒ ) to appear for court proceedings;

    ( ☒ ) if convicted, to surrender to serve a sentence that the court may impose; or

    ( ☒ ) to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

( ☐ ) (1)  This is a personal recognizance bond.

( ☒ ) (2)  This is an unsecured bond of $   25,000.00 _____ .

( ☐ ) (3)  This is a secured bond of $ _____ , secured by:

    ( ☐ ) (a) $ _____ , in cash deposited with the court.

    ( ☐ ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

    _____ .

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    ( ☐ ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

    _____
    _____ .

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

    (1)     all owners of the property securing this appearance bond are included on the bond;

    (2)     the property is not subject to claims, except as described above; and

    (3)     I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C.§ 1746.)

Date:   6/17/2024

_____
*Defendant's signature*

_____      _____
*Surety/property owner – printed name*        *Surety/property owner – signature and date*

_____      _____
*Surety/property owner – printed name*        *Surety/property owner – signature and date*

_____      _____
*Surety/property owner – printed name*        *Surety/property owner – signature and date*

CLERK OF COURT

Date:   6/17/2024

_____
*Signature of Clerk or Deputy Clerk*

Approved.

Date:   6/17/2024

_____
*Judge's signature*

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
### for the
### District of Maine

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) Case No. 2:24-mj-191-KFW |
| | ) |
| Christopher Belliveau | ) Charging District: District of Columbia |
| *Defendant* | ) Case No. 1:24-mj-197-ZMF |

U.S. DISTRICT COURT
PORTLAND
RECEIVED & FILED
2024 JUN 17  A 11: 25
DEPUTY CLERK

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

Place: U.S. District Court, Washington D.C.          Courtroom No.: By Video

Date and Time: June 25, 2024, at 12:30 p.m.

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date: 6/17/2024

_____
*Judge's signature*

Karen Frink Wolf, U.S. Magistrate Judge
_____
*Printed name and title*

CLOSED,VICTIM

# U.S. District Court
# District of Maine (Portland)
# CRIMINAL DOCKET FOR CASE #: 2:24-mj-00191-KFW All Defendants

Case title: USA v. BELLIVEAU

Date Filed: 06/11/2024

Date Terminated: 06/17/2024

Assigned to: MAGISTRATE JUDGE
KAREN FRINK WOLF

**Defendant (1)**

**CHRISTOPHER BELLIVEAU**          represented by    **DAVID J. BOBROW**
*TERMINATED: 06/17/2024*                             BEDARD & BOBROW, PC
                                                     PO BOX 366
                                                     ELIOT, ME 03903
                                                     207-439-4502, ext. 124
                                                     Fax: 207-439-6172
                                                     Email: djblaw@comcast.net
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: Retained*

**Pending Counts**                          **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                       **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                              **Disposition**

COUNT ONE - KNOWINGLY ENTERING
OR REMAINING IN ANY RESTRICTED
BUILDING OR GROUNDS WITHOUT
LAWFUL AUTHORITY WITH A
DEADLY OR DANGEROUS WEAPON,
18:1752(a)(2) AND (b)(1)(A). COUNT

TWO - DISORDERLY AND DISRUPTIVE
CONDUCT IN A RESTRICTED
BUILDING OR GROUNDS WITH A
DEADLY OR DANGEROUS WEAPON,
18:1752(a)(2) AND (b)(1)(A). COUNT
THREE - ENGAGING IN PHYSICAL
VIOLENCE IN RESTRICTED BUILDING
OR ON RESTRICTED GROUNDS WITH
A DEADLY OR DANGEROUS WEAPON,
18:1752(a)(4) AND (b)(1)(A). COUNT
FOUR - DISORDERLY CONDUCT IN A
CAPITOL BUILDING, 40:5104(e)(2)(D).
COUNT FIVE - ACT OF PHYSICAL
VIOLENCE IN THE CAPITOL
GROUNDS OR BUILDINGS, 40:5104(e)
(2)(F). COUNT SIX - PARADING,
DEMONSTRATING OR PICKETING IN
THE CAPITOL BUILDINGS, 40:5104(e)
(2)(G). COUNT SEVEN - CIVIL
DISORDER, 18:231(a)(3). COUNT EIGHT
- ASSAULTING, RESISTING, OR
IMPEDING CERTAIN OFFICERS USING
A DANGEROUS WEAPON AND AIDING
AND ABETTING, (18:111(a)(1), (b) AND
(2).

---

**Interested Party**

**DISTRICT OF COLUMBIA**

---

**Plaintiff**

**USA**                                          represented by **DANIEL J. PERRY**
                                                 U.S. ATTORNEY'S OFFICE
                                                 DISTRICT OF MAINE
                                                 100 MIDDLE STREET PLAZA
                                                 PORTLAND, ME 04101
                                                 207-780-3257
                                                 Email: dan.perry@usdoj.gov
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*
                                                 *Designation: Assistant US Attorney*

[ Email All Attorneys ]
[ Email All Attorneys and Additional Recipients ]

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 06/11/2024 |   | Arrest (Rule 5) of CHRISTOPHER BELLIVEAU (nrg) (Entered: 06/12/2024) |
| 06/11/2024 | 1 | Rule 5 Documents as to CHRISTOPHER BELLIVEAU (Attachments: # 1 Affidavit of Garrett Drew, # 2 Arrest Warrant)(nrg) (Entered: 06/12/2024) |

| 06/11/2024 | 2 | SYNOPSIS as to CHRISTOPHER BELLIVEAU (nrg) (Entered: 06/12/2024) |
|---|---|---|
| 06/11/2024 | 3 | MOTION for Detention by USA as to CHRISTOPHER BELLIVEAU (nrg) (Entered: 06/12/2024) |
| 06/12/2024 | | Case unsealed as to CHRISTOPHER BELLIVEAU (nrg) (Entered: 06/12/2024) |
| 06/12/2024 | 4 | NOTICE OF HEARING as to CHRISTOPHER BELLIVEAU: New Arrest Rule 5 Hearing set for 6/12/2024 03:30 PM in Portland Hearing Room before MAGISTRATE JUDGE KAREN FRINK WOLF. (nrg) (Entered: 06/12/2024) |
| 06/12/2024 | 5 | Minute Entry for proceedings held before MAGISTRATE JUDGE KAREN FRINK WOLF: Rule 5 Hearing held as to CHRISTOPHER BELLIVEAU. Defendant advised of rights. Defendant ordered temporarily detained and remanded to custody. (Court Reporter: Tammy Martell) (nrg) (Entered: 06/12/2024) |
| 06/12/2024 | 6 | WAIVER of Rule 5 Hearings by CHRISTOPHER BELLIVEAU (nrg) (Entered: 06/12/2024) |
| 06/12/2024 | 7 | ORDER OF TEMPORARY DETENTION as to CHRISTOPHER BELLIVEAU: Preliminary Exam and Detention Hearing set for 6/17/2024 11:00 AM in Portland Hearing Room before MAGISTRATE JUDGE KAREN FRINK WOLF. By MAGISTRATE JUDGE KAREN FRINK WOLF. (nrg) (Entered: 06/12/2024) |
| 06/13/2024 | 8 | NOTICE OF ATTORNEY APPEARANCE: DAVID J. BOBROW appearing for CHRISTOPHER BELLIVEAU (BOBROW, DAVID) (Entered: 06/13/2024) |
| 06/14/2024 | 9 | Pretrial Services Report as to CHRISTOPHER BELLIVEAU filed by U.S. Probation. (Access to document is restricted to USA and applicable defendant only) (Attachments: # 1 Supplement Conditions of Release)(ENTWISTLE, MEGAN) (Entered: 06/14/2024) |
| 06/16/2024 | 10 | RESPONSE in Opposition by CHRISTOPHER BELLIVEAU re 3 MOTION for Detention *and Memorandum in Support of Release* Reply due by 7/1/2024. (BOBROW, DAVID) (Entered: 06/16/2024) |
| 06/17/2024 | 11 | Minute Entry for proceedings held before MAGISTRATE JUDGE KAREN FRINK WOLF: Conference of Counsel held re bond order as to CHRISTOPHER BELLIVEAU (no court reporter present), Preliminary Hearing Waived as to CHRISTOPHER BELLIVEAU, Bond Hearing held as to CHRISTOPHER BELLIVEAU, Bond set as to CHRISTOPHER BELLIVEAU (1) $25,000.00 unsecured, Unsecured Bond Made by CHRISTOPHER BELLIVEAU in amount of $25,000.00 and order setting conditions of release issued. Defendant is ordered released after processing and to appear in the charging district as directed. (Court Reporter: Lori Dunbar) (nrg) (Entered: 06/17/2024) |
| 06/17/2024 | 12 | WAIVER of Rule 5 Hearings by CHRISTOPHER BELLIVEAU (nrg) (Entered: 06/17/2024) |
| 06/17/2024 | 13 | Appearance Bond ( Unsecured ) as to CHRISTOPHER BELLIVEAU. (nrg) (Entered: 06/17/2024) |
| 06/17/2024 | 14 | ORDER Setting Conditions of Release as to CHRISTOPHER BELLIVEAU. By MAGISTRATE JUDGE KAREN FRINK WOLF. (nrg) (Entered: 06/17/2024) |
| 06/17/2024 | 15 | ORDER Requiring a Defendant to Appear as to CHRISTOPHER BELLIVEAU By MAGISTRATE JUDGE KAREN FRINK WOLF. (nrg) (Entered: 06/17/2024) |
| 06/17/2024 | | Notice to District of Columbia 1:24-mj-197-ZMF of a Rule 5 or 32 Initial Appearance hearing as to CHRISTOPHER BELLIVEAU. Using your PACER account, please retrieve the docket sheet and any other necessary documents. All restricted access documents will |

| | | be sent via email. If you require certified copies of any documents please send a request to ecfhelp@med.uscourts.gov. (nrg) (Entered: 06/17/2024) |